1
2
3
4
5

Jeremy I. Lessem, Esq (SBN 213406)
Jamal L. Tooson, Esq (SBN 261373)
Lessem, Newstat & Tooson, LLP
3450 Cahuenga Blvd W.  Ste. 102
Los Angeles, CA 90068
Phone 818-582-3087 | Fax 818-484-3087
Jeremy@LnLegal.com
JTooson@LnLegal.com

6

Attorney for Plaintiffs

7
8
9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21

SILVIA SOTO, an individual, LATANYA
ANDREWS, an individual, MARCELO M.S., a
minor, and MARLENIE M.S., a minor, by and
through their guardian ad litem, SILVIA SOTO,
in each case both individually and as
successors-in-interest to the ESTATE OF
MARSHALL MILES, Deceased,

     Plaintiffs,

  vs.

COUNTY OF SACRAMENTO, STATE OF
CALIFORNIA, SCOTT JONES and DOES 1
THROUGH 100, Inclusive

     Defendants

Case No.:

COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF CIVIL RIGHTS UNDER
42 U.S.C. 1983 AND 42 U.S.C. 1988; AND
FOR WRONGFUL DEATH AND
NEGLIGENCE

DEMAND FOR JURY TRIAL

22

## I.    JURISDICTION AND VENUE

23
24

1.    This case arises under 42 U.S.C. §1983. Accordingly, subject matter jurisdiction is
conferred upon this Court by 28 U.S.C. § 1331 and 1343.

25
26
27

2.    Plaintiffs' claims arise out of a course of conduct involving officials from the City of
Sacramento, in the County of Sacramento, State of California, and within this judicial
district.

28

*///*

1

3.      Plaintiffs have exhausted their remedies pursuant to Cal. Gov. § 910 et seq. by filing a Notice of Claim on January 14, 2019. That claim was denied by operation of law on February 28, 2019.

## II.      PARTIES

4.      Decedent Marshall Miles was, at all times relevant hereto, a resident of the County of Sacramento.

5.      Silvia Soto is the legal wife and successor in interest and an heir at law of Marshall Miles, the deceased. Plaintiff is a resident of the State of California and resided within the State of California and the County of Sacramento at all times herein alleged. She brings this claim for herself personally, as Marshall Miles' successor in interest and heir and as the personal representative of the estate.

6.      Plaintiff Latanya Andrews is the biological mother of decedent Marshall Miles. At relevant time herein alleged, Plaintiff Andrews was a financial dependent of her son Marshall Miles. Plaintiff is a resident of the State of California and resided within the State of California and the County of Sacramento at all times herein alleged. She brings this claim for herself personally.

7.      Plaintiff Marcello M.S. is the natural son and successor in interest and an heir at law of Marshall Miles, the deceased. Plaintiff is a resident of the State of California and resided within the State of California and the County of Sacramento at all times herein alleged. He brings this claim for himself personally, by and through his guardian ad litem Silvia Soto, as Marshall Miles' successor in interest and heir and as the personal representative of the estate.

8.      Plaintiff Marlenie M.S. is the natural daughter and successor in interest and an heir at law of Marshall Miles, the deceased. Plaintiff is a resident of the State of California and resided within the State of California and the County of Sacramento at all times herein alleged. She brings this claim for herself personally, by and through her guardian ad litem Silvia Soto, as Marshall Miles' successor in interest and heir and as the personal representative of the estate.

9.      Defendant Scott Jones was, at all times mentioned herein, the Sheriff for the city of Sacramento. Defendant Jones was responsible for the selection, promotion, supervision, training, discipline and retention of agents and employees working within the Sacramento County Sheriff's Department, including sheriff deputies, custodial staff, counselors, advisors, nurses,

doctors, physician assistants, medical staff, mental health staff and supervisors; and for the implementation of policies and procedures within the Sacramento County Sheriff's Department including at the Sacramento County Main Jail. He was further responsible for the care, custody and control of all individuals detained in the Sacramento County Main Jail. Defendant Jones is sued in his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. Defendant Jones' affirmative conduct involves his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict injuries, including a constitutional injury, on Marshall Miles.

10.     Defendant County of Sacramento ("Defendant County") is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by various government agents and officers. Defendant County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and employees. At all relevant times, Defendant County was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, Defendant County was the employer of several unknown Doe Defendants, and the Sacramento County Main Jail was a facility maintained, operated staffed and run by Defendant County and its agents. Defendant County owns, operates, manages, directs and controls the Sacramento County Sheriff's Department, which acts as an agency of Defendant County.

11.     Defendant State of California ("Defendant State") is a public entity established and maintained by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the California Highway Patrol ("CHP"), and together with the CHP, employs and/or is responsible for other defendants in this action, including Does 1 through 100 inclusive.

12.     Plaintiffs are informed and believe and thereon allege that Defendants sued herein as Does 1 through 100, inclusive, were employees of Defendant County and Defendant State, including but not limited to, deputies, police officers and civilian staff of the Sacramento County

Sheriff's Department and California Highway Patrol, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

13.     Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants. Each paragraph of this Complaint is expressly incorporated into each cause of action which is a part of this Complaint. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Decedent and Plaintiffs.

14.     Plaintiffs are informed, believe, and thereon allege that at all times material herein, each fictitiously named Defendant, was either the true Defendant or the agent and employee of each other Defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

15.     Additionally, Defendant Jones and one or more of Does 1-100 are liable for Plaintiffs' injuries under federal law principles of 42 U.S.C. § 1983 supervisory liability because, in their role as supervisors, they acted, or failed to act, in a manner that was deliberately indifferent to Plaintiffs' (and decedent's) constitutional rights, based on their knowledge of and acquiescence in unconstitutional conduct that caused Mr. Miles' death and Plaintiffs' injuries. *Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202.

### III.     FACTS RELEVANT TO ALL CAUSES OF ACTION

16.     Marshall Miles was 36 years old and in good health. He lived with his wife Silvia Soto and his two biological children, Marcelo and Marlenie. He also took care of his mother, Latanya Andrews, who was financially dependent on decedent at the time of his death. The entire family had a deep meaningful and loving relationship.

17.     On October 28, 2018 at approximately 8:30pm, Marshall Miles was arrested by unknown California Highway Patrol Officers in the city of North Highlands, County of

Sacramento on suspicion of vandalism and public intoxication. During the course and scope of the arrest, an unknown officer from CHP violently forced Marshall Miles onto his stomach and drove a knee into his back. This act caused substantial pain and injury to Mr. Miles' stomach, back and neck areas. This use of force was unnecessary, excessive and contrary to department training and policy. At the time of the use of Mr. Miles was not a threat to the officer nor forcibly resisting the officer's commands.

18.     Marshall Miles was booked into custody at the Sacramento County Main Jail at approximately 9:46pm.

19.     When Marshall Miles arrived at the Sacramento County Main Jail he was in the custody and control of at least three CHP officers. Upon being delivered to the processing area of the jail facility, Mr. Miles became agitated and upset because of his violent treatment by the officers. As a result of this agitation, several additional deputies from the Sacramento County Sheriff's Department arrived to assist the attending deputies. At this time, deputies from both the California Highway Patrol and the Sacramento County Sheriff's Department pinned Marshall Miles face down to the ground.

20.     While on the ground outside the processing area of the jail, at least four law enforcement officers, from both agencies, forcibly held Mr. Miles down by placing their knees into the back, neck and head of Mr. Miles. This was done while Mr. Miles was positioned face down on his stomach. While being pinned down to the ground with the full body weight of officers exerted against him, several additional officers shackled Mr. Miles' ankles and wrists together behind his back. During this process, Marshall Miles explicitly told officers that he couldn't breathe. However, no effort was by officers to listen to Mr. Miles' complaints.

21.     Once Marshall Miles was secured by shackles and hogtied, four deputies, each supporting a different limb, carried him down a hallway to a holding cell. While being carried down the hall, Mr. Miles cried out again that he was having difficulty breathing. And again, no remedial action was taken by officers to address these complaints.

22.     Once Marshall Miles was carried to the holding cell, officers placed him face-down on the floor of the cell. While unshackling Mr. Miles, four attending deputies, in full gear, placed their knees on his back, neck legs and head, and applied pressure using their full body weight. While placed in this position, the pressure applied to Mr. Miles' back and neck area caused his chest and lungs to compress to the point that Mr. Miles could no longer

breathe. While this force was being applied, Mr. Miles stopped breathing and lost consciousness.

23.     For several minutes after Mr. Miles lost consciousness, attending officers failed to even notice that Mr. Miles was no longer communicating or breathing. Instead, they continued to apply force while additional officers attempted to remove the shackles from his wrists and ankles. Once the shackles were finally removed, officers left Marshall Miles unconscious and unattended, face-down on the concrete floor of the cell. Before exiting the cell, none of the officers attempted to check Mr. Miles' pulse or otherwise ascertain his wellbeing.

24.     Marshall Miles laid lifeless on the concrete floor of the holding cell without moving, in full view of numerous attending officers and other law enforcement and medical personnel, for approximately one full minute. When law enforcement personnel finally decided to re-enter his cell it was already too late.

25.     Upon re-entering the cell, law enforcement personnel attempted to resuscitate Mr. Miles. The paramedics were called, and Mr. Miles was transported to Sutter Medical Center. Mr. Miles never regained consciousness and was pronounced dead at Sutter Medical Center on November 1, 2018.

26.     At Sutter Medical Center, attending physicians determined that Mr. Miles suffered diffuse anoxic brain injury, due to suffocation, which led to brain death on October 29, 2018.

27.     At the time of Mr. Miles' admission to Sutter Medical Center, attending officers failed to inform medical personnel that force had been applied to Mr. Miles at the time of his losing consciousness, thereby preventing medical staff from being fully informed of the patient's medical circumstances. This omission was intentional, and adversely affected the medical care provided.

28.     During the course and scope of the actions described above, all of the defendants, including Defendant County, Defendant State, Defendant Jones and DOES 1 through 100, acted in a manner, or allowed others to act in a manner, that was contrary to well-established use-of-force rules and protocols, and in so doing, behaved in a manner that was excessive, illegal and inhumane. And by acting in this fashion, caused the death of Marshall Miles.

29.     The actions and inactions of the County of Sacramento, State of California, Sheriff Jones, Does 1 through 100 and other unknown officers, employees and agents of the

Sacramento County Sheriff's Department and California Highway Patrol, as set forth in the preceding paragraphs were known or should have been known to the policy makers responsible for the Defendant County and State, and occurred with deliberate indifference to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training was obvious. The specific areas wherein defendants failed to adequately train and supervise include, not are not limited to, (a) The proper application of the use of force, (b) Recognizing and responding to indications of medical distress, and (c) Proper application of protocols involving the dangers of positional asphyxiation.

30.     The actions and omissions of Defendants County and State, their law enforcement personnel, Defendant Jones and Does 1 through 100 set forth in the preceding paragraphs were a motivating force behind the violations of Marshall Miles' constitutional rights as set forth in this Complaint.

## IV.     FIRST CAUSE OF ACTION EXCESSIVE FORCE -DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

**Against Does 1 through 100**

31.     Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

32.     Defendants' actions deprived Marshall Miles of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable excessive force by those acting under color of state law.

33.     Defendants violated the rights of Marshall Miles under the Fourth and Fourteenth Amendments when they wrongfully, unreasonably, unjustifiably, negligently and/or recklessly committed the following acts; (1) Physically assaulted Mr. Miles during the course and scope of his arrest, (2) Applied extreme pressure to Mr. Miles' neck, back and head while simultaneously positioning him face down on a concrete floor, which caused him to suffocate and die and (3) Otherwise failed to timely intervene with life-saving efforts when Mr. Miles stopped breathing and lost consciousness as a result of the force applied by officers.

34.     At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant City and Defendant State.

35. As a result of their conduct, Defendants are liable for Mr. Miles' injuries, either because they were integral participants in the misconduct, because they failed to intervene when they had the opportunity to do so to prevent these violations, or because they were negligent in allowing such misconduct to occur and continue.

36. As a direct and legal result of Defendants' acts and omissions, Mr. Miles suffered damages, including without limitation, pain and suffering, extreme mental and emotional distress, serious physical injury, death, attorney's fees, costs of suit and other pecuniary losses not yet ascertained.

37. As a direct and legal result of the medical negligence of said defendants, and each of them, Plaintiffs have been deprived of decedent's love, care, comfort, affection, society, presence, companionship, protection, future support, financial support and services, and a loss of intangible qualities of the spousal and familial relationship. The foregoing has caused Plaintiffs to suffer economic and non-economic damages.

38. Plaintiffs allege that the acts and omissions of Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Mr. Miles' rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

39. Plaintiffs' claims against one or more Defendant Does are based on the principles of supervisory liability and conduct described in paragraph 15.

40. As a further direct and legal result of the negligence of said defendants, and each of them, decedent Marshall Miles was killed, and Plaintiffs sustained the damages as above alleged.

## V. SECOND CAUSE OF ACTION SUBSTANTIVE DUE PROCESS – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
### Against Defendants Does 1 through 100.

41. Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

42. At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant City and Defendant State.

43. Defendants' actions deprived Plaintiffs of their rights under the Fourteenth Amendment to the United States Constitution to be free from conscience-shocking behavior from those acting under color of state law.

44.     Defendants violated Plaintiffs' rights under the Fourteenth Amendment when they wrongfully, unreasonably, unjustifiably, negligently and/or recklessly killed Marshall Miles by suffocating and killing him while he was in law enforcement custody.

45.     Plaintiffs' claims against one or more Defendants Does are based on the principles of supervisory liability and conduct described in paragraph 15.

46.     As a result of their conduct, Defendants are liable for Mr. Miles' injuries, either because they were integral participants in the misconduct, because they failed to intervene when they had the opportunity to do so to prevent these violations, or because they were negligent in allowing such misconduct to occur.

47.     As a direct and proximate result of the conduct of Defendants, Marshall Miles was caused to suffer severe and ultimately fatal injuries.

48.     As a legal, direct and proximate result of the conduct of Defendants, Plaintiffs have incurred medical, funeral and burial expenses in an amount to be stated according to proof.

49.     As a legal, direct and proximate result of the conduct of Defendants, Plaintiffs as wife, mother and children of decedent Marshall Miles, have sustained damages resulting from the loss of love, affection, society, service, comfort, support, right of support, expectations of future support and counseling, companionship, solace and mental support, as well as other benefits and assistance, of decedent Marshall Miles.

50.     As a legal, direct and proximate cause of the conduct of Defendants, Plaintiffs will be deprived of the financial support and assistance of decedent Marshall Miles, the exact amount of such losses to be stated according to proof

51.     Plaintiffs allege that the acts and omissions of Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

///
///
///
///
///
///

## VI.   THIRD CAUSE OF ACTION MONELL VIOLATIONS – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### Against Defendant County of Sacramento

52.   Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

53.   Plaintiffs are informed and believe and thereon alleges that, at all times herein mentioned, Defendant County of Sacramento, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, engaged in the unconstitutional conduct and omissions as is specifically elaborated above.

54.   At all times herein mentioned, Defendant County and its Sheriff Department, ratified the wrongful acts of Defendants Does 1 through 100. The wrongful conduct of Defendant Does 1 through 100 was the result of policies, practices and customs to subject detained individuals at the Sacramento County Sheriff's Department Main Jail to unconstitutionally inadequate treatment; permit and promote unsafe conditions for detained persons leading the excessive use of force by County deputies and support personnel; and cover-up incidents of unconstitutional behavior by members of the Sacramento County Sheriff's Department staff.

55.   The actions and inactions of the Defendant County and its Sheriff's Department, including its main jail staff as set forth above, were known, or should have been known to the policy makers responsible for the County of Sacramento, and occurred with deliberate indifference to either the recurring constitutional violations elaborated above, and/or to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training and supervision was obvious.

56.   The actions of the Sacramento County Sheriff's Department, including its sheriff deputies and civilian staff, set forth herein, were a motivating force behind the violations of Plaintiffs' constitutional rights as set forth in this Complaint.

57.   As a direct and proximate result of Defendant Sacramento County's acts and omissions, condoning, encouraging, ratifying and deliberately ignoring the pattern and practice of Defendant Does 1-100 acts and omissions, Plaintiffs sustained injury and damage as set forth herein.

58.   As a result of Defendants', and each of their, violations of decedent Marshall Miles' constitutional rights as set forth herein, Plaintiffs were damaged as alleged above.

## VII.    FOURTH CAUSE OF ACTION SURVIVAL ACTION – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

**Against Defendant Jones and Does 1 through 100**

59.    Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

60.    Plaintiffs Silvia Soto, Marcello M.S., and Marlenie M.S., through their guardian ad litem, are the Successors in Interest and Personal Representatives of the Estate of Marshall Miles.

61.    As set forth above, the Officer Defendants, including Does 1 through 100, used excessive force while detaining Marshall Miles. The Defendants' use of excessive force, as set forth above, was the direct and proximate cause of Marshall Miles' injuries prior to death and death. The Supervisor Defendants, including Defendant Jones and Does 1 through 100, were also an actual and proximate cause of Mr. Miles' death, in that they failed to adequately supervise and train the Officer Defendants, they recklessly disregarded the probability that this lack of supervision and training would result in the violation of constitutional rights, and this lack of supervision and training actually resulted in the violation of constitutional rights, to wit, Miles' right to be free from excessive force, as well as his right to be free from punishment without due process and cruel and unusual punishment.

62.    As a result of the deliberate indifference, reckless indifference and/or negligence of Defendants as more fully described above, the Estate of Marshall Miles has suffered and continues to suffer injuries and damages as set forth in the Damages section of this complaint, including but not limited to economic damages and medical bills.

63.    The Officer Defendants, including Does 1 through 100, who used excessive force against Marshall Miles, leading to his death, and the Supervisor Defendants, including Does 1 through 100, who failed to adequately supervise and train the Officer Defendants, were acting within the course and scope of their employment with their respective public entity employers at the time they engaged in the above-referenced misconduct.

64.    Those damages, as allowed by California Code of Civil Procedure § 377.30 and 377.34, include, but are not limited to, the Decedent's pain and suffering, emotional distress, and economic harm and losses, as set forth in the "Damages" section below and the Prayer for Relief.

///

///

## VIII.   FIFTH CAUSE OF ACTION FAILURE TO SUPERVISE AND TRAIN CAUSING CONSTITUTIONAL VIOLATIONS – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### Against Supervisory Defendants Jones and Does 1 through 100

65.    Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

66.    At all times relevant hereto, the Supervisor Defendants acted under the color of state law and were acting in the course and scope of their employment with Defendant County and State which duties included supervision of subordinate officers.

67.    The Officer Defendants, including Does 1 through 100, lacked adequate supervision and training to appropriately handle their encounter with Miles, resulting in the violation of Miles' right to be free from unreasonable seizures through the use of excessive force, as well as his right to be free from punishment without due process and cruel and unusual punishment.

68.    The Supervisor Defendants, including Does 1 through 100, were deliberately indifferent to the Officer Defendants' lack of adequate training and supervision in dealing with non-complaint individuals and in de-escalating rather than escalating potentially volatile situations. The uniformity with which multiple officers failed to comply with both Sacramento County Sheriff and CHP policies, procedures, and POST training requirements demonstrates a widespread lack of training and supervision in both agencies.

69.    The Supervisor Defendants' failure to adequately supervise and train the Officer Defendants was a moving force in causing Miles' death. That is, this lack of adequate supervision and training was both an actual and proximate cause of the violation of Miles' right to be free from excessive force and free from punishment without due process and cruel and unusual punishment.

70.    As a legal result of the conduct of Defendants Jones and Does 1 through 100, as described above, plaintiffs were damaged as alleged herein and as set forth above.

///
///
///
///
///

## IV.     SIXTH CAUSE OF ACTION VIOLATION OF THE BANE CIVIL RIGHTS ACT

### Against Does 1 through 100

71.     Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

72.     On or about the above stated dates, Defendant Does 1 through 100, inclusive, violated Decedent's and Plaintiffs' civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Sections 52, 52.1(a) and 52.1(b).

73.     Defendants intentionally interfered with the Decedent's and Plaintiffs' civil rights by committing intentional and repeated violent acts upon the Decedent as described herein.

74.     Defendants interfered with or attempted to interfere with Plaintiffs' and Decedent's right to be free from state actions that deprive them of life, liberty, or property by threatening or committing violent acts. Defendants used threats, intimidation and coercion against the Decedent, and in doing so engaged in a violation of Decedent's constitutional right to life and liberty.

75.     Defendants interfered with or attempted to interfere with Plaintiffs' right to be free from unwarranted interference with their familial relationship with Decedent by threatening or committing violent acts.

76.     Defendants injured Plaintiffs and Decedent to prevent them from exercising the above-mentioned rights or retaliate against them for having exercised the above-mentioned rights.

77.     Plaintiffs and Decedent were harmed.

78.     Defendants' conduct caused or was a substantial factor in causing Plaintiffs' and Decedent's harm.

79.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered and continue to suffer injuries and damages, including but not limited to pain and suffering, emotional distress, loss of companionship and society, and economic harm, including loss of economic assistance for the necessaries of life, as set forth in the Damages section of this complaint and the civil penalties set forth in Civil Code Section 52.

///

///

///

13

80.    The conduct of the Defendants amounts to oppression, fraud, or malice within the meaning of Civil Code Section 3294 et seq., and punitive damages should be assessed against each non-municipal Individual Defendant and Doe Defendant for the purposes of punishment and deterrence.

## IX.    SEVENTH CAUSE OF ACTION WRONGFUL DEATH MEDICAL NEGLIGENCE

### Against Defendant County, Jones, Does 1 through 100

81.    Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

82.    Defendants were medically negligent in that they acted with deliberate indifference for Marshall Miles' reasonable security, in that they failed to monitor his respiration and check his vital signs during and after applying significant force to his head, neck and chest area, and after repeated warnings from Mr. Miles that he was having trouble breathing as a result of Defendants actions. Once Mr. Miles was observed lying motionless and appeared not be breathing, Defendants failed to take any remedial action, or attend to Decedent in any way, for approximately one minute. During this time Decedent's medical condition was permitted to worsen, ultimately leading to his death.

83.    Once the care and treatment of Marshall Miles was taken over by medical professionals, Defendant attending officers, including Does 1 through 100, failed to inform medical personnel that force had been applied to Mr. Miles at the time of his losing consciousness, thereby preventing paramedic and ultimately hospital medical staff from being fully informed of the patient's medical circumstances.

84.    At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant County.

85.    As a direct and proximate cause of the negligence of said Defendants, and each of them, decedent Marshall Miles was hurt and injured in his health, strength, and activity, and ultimately died on or about November 1, 2018. He suffered unjustifiable and substantial physical pain and mental suffering before his death.

86.    As a direct and legal result of the medical negligence of said Defendants, and each of them, Plaintiffs have been deprived of decedent's love, care, comfort, affection, society, presence, companionship, protection, future support, financial support and services, and a loss of

intangible qualities of the spousal and familial relationship. The foregoing has caused Plaintiffs to suffer economic and non-economic damages.

87.     As a further direct and legal result of the death of Marshall Miles, Plaintiffs, as successors in interest to the decedent, have incurred and are responsible for the payment of funeral, burial expenses, and other related expenses following his death.

88.     As a further direct and legal result of the negligence of said defendants, and each of them, decedent Marshall Miles was killed, and Plaintiffs sustained the damages as above alleged.

## X.      EIGHTH CAUSE OF ACTION WRONGFUL DEATH NEGLIGENT SUPERVISION AND TRANING

### Against all Defendants

89.     Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

90.     At the time of their interaction with Marshall Miles on October 28, 2018, the Officer Defendants, including Does 1 through 100, were unfit and/or incompetent to perform their duties as Sacramento County Sheriff and CHP officers.

91.     The Supervisor Defendants, including Does 1 through 100, knew or should have known the Officer Defendants were unfit and/or incompetent to perform their duties as Sacramento County Sheriff and CHP officers.

92.     The Officer Defendants' unfitness and incompetence and, in particular, their lack of supervision and training actually and proximately resulted in Miles' death.

93.     The Supervisor Defendants' failure to supervise and train the Officer Defendants was a substantial factor in causing Miles' death.

94.     Because the Supervisor Defendants' duty to supervise and train the Officer Defendants falls within the course and scope of the Supervisor Defendants' duties as Sacramento County Sheriff and CHP sergeants, the State of California and Sacramento County are, pursuant to Government Code § 815.2, vicariously liable for the harm arising from the Supervisor Defendants' failure to supervise and train the Officer Defendants.

///
///
///

## XI.   NINTH CAUSE OF ACTION BATTERY

### Against Does 1 through 100

Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

95.    Defendants Does 1 through 100, while working as law enforcement officers for their employers, public entities, and acting within the course and scope of their duties, intentionally attacked and brutalized Decedent Marshall Miles when they violently forced Marshall Miles onto his stomach and drove a knee into his back at the time of his arrest, as well as when they forcibly held Mr. Miles down by placing their knees into the back, neck and head of Mr. Miles. This was done on at least two occasions during the booking process while Mr. Miles was positioned face down on his stomach and eventually led to his suffocation and death.

96.    As a result of their conduct, Defendants are liable for Mr. Miles' injuries and death, either because they were integral participants in the misconduct, because they failed to intervene when they had the opportunity to do so to prevent these violations, or because they were negligent in allowing such misconduct to occur and continue.

97.    As a proximate cause of the unlawful assault by Defendants, Decedent was severely injured and killed, thereby causing Plaintiffs to sustain the losses and damages as alleged in this complaint, including but not limited to pain and suffering, emotional distress, loss of companionship and society, and economic harm, including loss of economic assistance for the necessaries of life, as set forth in the Damages section of this complaint and requested in the Prayer for Relief.

98.    A reasonable person in Decedent's situation would have been offended by the touching and offended by the unnecessary attack.

99.    Plaintiffs allege that the acts and omissions of the Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in conscious disregard of Mr. Miles' rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

///

///

///

## XII.    TENTH CAUSE OF ACTION NEGLIGENCE

### Against Does 1 through 100

59.    Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

60.    On or about October 28, 2018, the date of the subject incident, Decedent Marshall Miles was entitled to the duty of due care by Defendants.

61.    On or about said date, Defendants breached the duty of care owed to Marshall Miles, in that Defendants negligently subjected Mr. Miles to injury, harm and damage through the commission of the various acts and omissions previously described in this Complaint.

62.    In committing the aforementioned acts and omissions, Defendants' breach of duty was negligent, and caused Decedent to suffer severe emotional and mental distress, anxiety and mental anguish.

63.    As a direct and legal result of the medical negligence of said Defendants, and each of them, Plaintiffs have been deprived of decedent's love, care, comfort, affection, society, presence, companionship, protection, future support, financial support and services, and a loss of intangible qualities of the spousal and familial relationship. The foregoing has caused Plaintiffs to suffer economic and non-economic damages.

64.    As a further direct and legal result of the death of Marshall Miles, Plaintiffs, as successors in interest to the decedent, have incurred and are responsible for the payment of funeral, burial expenses, and other related expenses following his death.

65.    As a further direct and legal result of the negligence of said defendants, and each of them, decedent Marshall Miles was killed, and Plaintiffs sustained the damages as above alleged.

///
///
///
///
///
///
///
///
///

### XIII.   PRAYER FOR RELIEF

Wherefore, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

1. For general and compensatory damages, in a sum according to proof at trial;
2. For special damages in an amount according to proof;
3. For punitive and exemplary damages against each individual and Doe Defendant, but not against Defendant County or State, in an amount according to proof;
4. For interest as allowed by law;
5. For cost of suit including attorney's fees pursuant to 42 U.S.C. § 1988; and
6. For such other and further relief as the court may deem proper.


**LESSEM, NEWSTAT, & TOOSON, LLP.**

DATED: May 20, 2019

By: _____

Jeremy I. Lessem
J. Tooson
Attorneys for Plaintiffs


### JURY DEMAND

Plaintiff hereby demands trial by Jury on all issues so triable.


**LESSEM, NEWSTAT, & TOOSON, LLP.**

DATED: May 20, 2019

By: _____

Jeremy I. Lessem
J. Tooson
Attorneys for Plaintiffs