XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
MATTHEW W. ROMAN, State Bar No. 267717
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6239
 Fax: (916) 322-8288
 E-mail: Matthew.Roman@doj.ca.gov
*Attorneys for Defendant State of California by and through the California Highway Patrol*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **SILVIA SOTO, an individual, LATANYA ANDREWS, an individual, MARCELO M.S., a minor, and MARLENIE M.S., a minor, by and through their guardian ad litem, SILVIA SOTO, in each case both individually and as successors-in-interest to the ESTATE OF MARSHALL MILES, Deceased ,**<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, SCOTT JONES and DOES 1 THROUGH 100, Inclusive,**<br><br>Defendants. | 2:19-cv-00910-TLN-DB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         August 26, 2019<br>Time:        10:00 a.m.<br>Courtroom:  2<br>Judge:       Honorable Troy L. Nunley<br>Trial Date:   Not set<br>Action Filed: May 20, 2019 |

**TO PLAINTIFFS SILVIA SOTO, et al., and their attorneys of record:**

**PLEASE TAKE NOTICE** that on August 26, 2019, at 10:00 a.m. in Courtroom 2, located on the 15th Floor of the United States District Court, 501 I Street, Sacramento, CA 95814, Defendant State of California by and through the California Highway Patrol move to dismiss the Complaint because it fails to state a claim. The motion is made under Federal Rule of Civil Procedure 12(b)(6).

This motion is based on this notice of motion, the attached memorandum of points and authorities, all matters of which this Court must or may take judicial notice, and all pleadings and records on file in this action and on such further authority, evidence, or argument as may be presented at or before the hearing on this motion.

Dated: July 22, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Matthew W. Roman*

MATTHEW W. ROMAN
Deputy Attorney General
*Attorneys for Defendant*
*California Highway Patrol*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs filed the operative Complaint on May 20, 2019.  The Complaint arises from the death of Marshall Miles following his arrest on October 28, 2018.  The Complaint names three defendants – the County of Sacramento, Scott Jones, and the State of California.  The only cause of action alleged against the State of California is for "wrongful death negligent supervision and training."

Defendant State of California by and through the California Highway Patrol (Defendant) moves to dismiss the Complaint because the Court lacks jurisdiction over the State of California.

### II. LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure, Rule 12(b)(6) is appropriate where a plaintiff discloses some absolute defense or bar to recovery in his pleading.  Fed. R. Civ. P. 12(b)(6).  The lack of a cognizable legal theory warrants dismissal. *See Ballistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven.  *Alonzo v. AFC Property Management, Inc.,* 643 F.2d 578, 579 (9th Cir. 1981).

### III. ARGUMENT IN SUPPORT OF MOTION TO DISMISS

**A.   The Eleventh Amendment Bars Action Against The State of California.**

The Eleventh Amendment provides "[t]he judicial power of the United States shall not be construed to extend to any suit ... against one of the United States by citizens of another State, or by citizens or subjects of any foreign State."  It bars suit in federal court by a citizen against his own state. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  "The Eleventh Amendment jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." *Brooks v. Sulphur Springs Valley Elec. Coop*., 951 F.2d 1050, 1053 (9th Cir. 1991); citing *Pennhurst*, 465 U.S. at 104.  Because the Eleventh Amendment bars the action against the State of California, dismissal is proper.

**B.     The Eleventh Amendment Bars Actions under California Government Code Section 815.2.**

California Government Code section 815.2 does not create liability where immunity applies.  As discussed above, the State of California enjoys Eleventh Amendment immunity for claims for damages brought in federal court unless express waiver of immunity has taken place. *Parra v. Hernandez,* 2008 WL 5765843, (E.D. Cal. July 22, 2008) (dismissing claim for vicarious liability pursuant to section 815.2 against the CDCR based on Eleventh Amendment immunity); *see Sossamon v. Texas*, 563 U.S. 277, 285 (2011); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (The Eleventh Amendment prohibits federal courts from hearing suits brought against unconsenting states.)

Thus, the immunity conferred by the Eleventh Amendment is not limited to claims under 42 U.S.C. § 1983.  Because the Eleventh Amendment bars the action against the State of California, dismissal is proper.

**C.     The State of California Cannot Be Liable For § 1983 Violations.**

The Complaint does not expressly allege a claim against the State of California under 42 U.S.C. § 1983.  In any event, any such claim would be improper.

42 U.S.C. § 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law...."

By its express language, § 1983 applies only to "every person" and makes no provision for application to states or state agencies.  States and state agencies are not defined as "persons" for purposes of a § 1983 action and thus are not subject to suit under section 1983. *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Gilbreath v. Cutter Biological, Inc*., 931 F.2d 1320, 1327 (9th Cir. 1991). Because the State of California is not subject to liability for § 1983 violations, dismissal is proper.

/ / /

/ / /

### IV. AMENDMENT IS FUTILE

Amendment is futile. Plaintiffs' claims against the State of California are barred under the Eleventh amendment and 42 U.S.C. § 1983. Plaintiffs cannot plead facts that would circumvent the Eleventh Amendment bar to their claims against the State of California. Consequently, amendment will not cure the defects in the Complaint.

### V. CONCLUSION

Dismissal is proper because there is no jurisdiction for the claims against the State of California. Defendants respectfully request that the Court grant their motion to dismiss the Complaint without leave to amend.

Dated: July 22, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Matthew W. Roman*

MATTHEW W. ROMAN
Deputy Attorney General
*Attorneys for Defendant
California Highway Patrol*

SA2019103508
13923671.docx

# CERTIFICATE OF SERVICE

Case Name: **Soto, et al. v. County of Sacramento, et al.**   No. **2:19-cv-00910-TLN-DB**

I hereby certify that on July 22, 2019, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 22, 2019, at Sacramento, California.

| Lauren R. Sossaman | */s/ Lauren R. Sossaman* |
|---|---|
| Declarant | Signature |

SA2019103508
13941267.docx