**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Suli A. Mastorakos, SBN 330383
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant PATRICIA ROBINSON-HARD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA SOTO, et al, | CASE NO.  2:19-cv-00910 TLN-DB |
| Plaintiff, | **DEFENDANT PATRICIA ROBINSON-HARD'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| COUNTY OF SACRAMENTO, BLAKE GRINDER, KENNETH LLOYD, JOHN HIGLEY, ANDREW GARSIDE, GREG WHITE, KELLEY BUNN, GREGORY JOHNSON, CHARLES GAILEY, SCOTT JONES, PATRICIA ROBINSON-HARD and Does 1 through 100, et al., | Complaint Filed:  05/20/2019<br>First Amended Complaint Filed:  12/13/2019<br>Second Amended Complaint Filed:  04/03/2020 |
| Defendants. | |

Defendant PATRICIA ROBINSON-HARD (hereafter "Defendant") denies any allegations of the Complaint not specifically admitted herein.  Defendant answers the Complaint on file in this action as follows:

///

///

///

///

///

{02208618.DOCX}                                                1

## I.      JURISDICTION AND VENUE

1.      In answering paragraph 1, Defendant contends said paragraph contains conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant admits that jurisdiction and venue are appropriate.

2.      In answering paragraph 2, Defendant admits the claimed conduct occurred in Sacramento California. As to any remaining allegations, Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in this paragraph, and basing her denial on this ground, generally and specifically denies the allegations contained in this paragraph.

## II.      PARTIES

3.      In answering paragraphs 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, and 22, Defendant contends these paragraphs contain conclusions of law not averments of fact for which an answer is required. To the extend an answer is required, Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in these paragraphs, and basing her denial on this ground, generally and specifically denies the allegations contained in these paragraphs.

4.       In answering paragraphs 8 and 9, Defendant admits that Scott Jones was the Sheriff for the County of Sacramento.  Defendant further admits she was an employee of the County of Sacramento when the allegations set forth in the complaint occurred.  As to remaining allegations in said paragraphs, Defendant lacks sufficient information or knowledge to enable her to answer the remaining allegations contained in said paragraphs, and basing her denial on this ground, generally and specifically denies the remaining allegations contained in said paragraphs.

5.      In answering paragraph 18, Defendant admits the allegations in said paragraph as to Defendant's employment with the County of Sacramento at the Sacramento County Sheriff's Department Main Jail, and that one of Defendant's job responsibilities as a nurse is to evaluate detainees to determine whether they can be admitted into the jail.  Defendant contends all remaining allegations contained in said paragraph are conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the remaining allegations in this paragraph.

6.      In answering paragraph 20, Defendant contends said paragraph contains conclusions of

**DEFENDANT PATRICIA ROBINSON-HARD'S ANSWER TO SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

1   law and not averments of fact for which a response is required, but insofar as a response is required,

2   Defendant generally and specifically denies the allegations in this paragraph.

3   **III.   FACTS RELEVANT TO ALL CAUSES OF ACTION**

4   7.   In answering paragraphs 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, and 37,

5   Defendant lacks sufficient information or knowledge to enable her to answer the allegations contained in

6   these paragraphs, and basing her denial on this ground, generally and specifically denies the allegations

7   contained in these paragraphs.

8   8.   In answering paragraph 28, Defendant admits she took Marshall Miles' blood pressure

9   and pulse reading, was not in a position to and did not object or otherwise instruct police officers and jail

10   staff on how they are to perform their job, and signed off on his admission to the Jail.   Defendant

11   generally and specifically denies the remaining allegations contained in said paragraph.

12   9.   In answering paragraphs 38, 39, and 40, Defendant contends said paragraphs contain

13   conclusions of law and not averments of fact for which a response is required, but insofar as a response

14   is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

15   **IV.   FIRST CAUSE OF ACTION EXCESSIVE FORCE -DEPRIVATION OF CIVIL**

16   **RIGHTS, 42 U.S.C. § 1983**

17   **Against Defendants Grinder, Bunn, Johnson, Gailey, Lloyd, Higley, Garside, White and Does 1**

18   **through 100**

19   10.   In answering paragraph 41, Defendant incorporates by reference all responses to

20   paragraphs 1 through 40.

21   11.   In answering paragraphs 42, 43, 44, 45, 46, 47, 48, 49, and 50, Defendant asserts that the

22   First Cause of Action is not directed to her.   Nonetheless, Defendant contends said paragraphs contain

23   conclusions of law and not averments of fact for which a response is required, but insofar as a response

24   is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

25   ///

26   ///

27   ///

28   ///

{02208618.DOCX}                                                   3

**V.      SECOND CAUSE OF ACTION SUBSTANTIVE DUE PROCESS – DEPRIVATION OF**

**CIVIL RIGHTS, 42 U.S.C. § 1983**

**Against Defendants Grinder, Bunn, Johnson, Gailey, Lloyd, Higley, Garside, White and Does 1**

**through 100**

12.    In answering paragraph 51, Defendant incorporates by reference all responses to paragraphs 1 through 50.

13.    In answering paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61, Defendant asserts that the Second Cause of Action is not directed to her.  Nonetheless, Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

**VI.      THIRD CAUSE OF ACTION MONELL VIOLATIONS – DEPRIVATION OF CIVIL**

**RIGHTS, 42 U.S.C. § 1983**

**Against Defendant County of Sacramento**

14.    In answering paragraph 62, Defendant incorporates by reference all responses to paragraphs 1 through 61.

15.    In answering paragraphs 63, 64, 65, 66, 67, and 68, Defendant asserts that the Third Cause of Action is not directed to her.  Nonetheless, Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

**VII.      FOURTH CAUSE OF ACTION SURVIVAL ACTION – DEPRIVATION OF CIVIL**

**RIGHTS, 42 U.S.C. § 1983**

**Against Defendants Grinder, Bunn, Johnson, Gailey, Lloyd, Higley, Garside, White, Jones and**

**Does 1 through 100**

16.    In answering paragraph 69, Defendant incorporates by reference all responses to paragraphs 1 through 68.

17.    In answering paragraphs 70, 71, 72, 73, and 74, Defendant asserts that the Fourth Cause of Action is not directed to her.  Nonetheless, Defendant contends said paragraphs contain conclusions

{02208618.DOCX}                                    4

**DEFENDANT PATRICIA ROBINSON-HARD'S ANSWER TO SECOND AMENDED COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

## VIII.   FIFTH CAUSE OF ACTION FAILURE TO SUPERVISE AND TRAIN CAUSING CONSTITUTIONAL VIOLATIONS – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### Against Supervisory Defendants Bunn, Gailey, Johnson, Jones and Does 1 through 100

18.   In answering paragraph 75, Defendant incorporates by reference all responses to paragraphs 1 through 74.

19.   In answering paragraphs 76, 77, 78, 79, and 80, Defendant asserts that the Fifth Cause of Action is not directed to her.  Nonetheless, Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

## IX.   SIXTH CAUSE OF ACTION VIOLATION OF THE BANE CIVIL RIGHTS ACT

### Against Defendants Grinder, Lloyd, Higley, Garside, White and Does 1 through 100

20.   In answering paragraph 81, Defendant incorporates by reference all responses to paragraphs 1 through 80.

21.   In answering paragraphs 82, 83, 84, 85, 86, 87, 88, 89, and 90, Defendant asserts that the Sixth Cause of Action is not directed to her.  Nonetheless, Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

## X.   SEVENTH CAUSE OF ACTION WRONGFUL DEATH - NEGLIGENCE

### Against All Defendants

22.   In answering paragraph 91, Defendant incorporates by reference all responses to paragraphs 1 through 90.

23.   In answering paragraphs 92, 93, 94, 95, 96, 97, 98, 99, and 100, Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

///

## XI.   EIGHTH CAUSE OF ACTION WRONGFUL DEATH - NEGLIGENT SUPERVISION AND TRANING

### Against All Supervisor Defendants, Sheriff Jones, and Defendant County

24.    In answering paragraph 101, Defendant incorporates by reference all responses to paragraphs 1 through 100.

25.    In answering paragraphs 102, 103, 104, 105, and 106, Defendant asserts that the Eighth Cause of Action is not directed to her.   Nonetheless, Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

## XII.   NINTH CAUSE OF ACTION BATTERY

### Against Defendants Grinder, Lloyd, Higley, Garside, White and Does 1 through 100

26.    In answering paragraph 107, Defendant incorporates by reference all responses to paragraphs 1 through 106.

27.    In answering paragraphs 108, 109, 110, 111, and 112, Defendant asserts that the Ninth Cause of Action is not directed to her.   Nonetheless, Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

## XIII.   TENTH CAUSE OF ACTION - 42 U.S.C. § 1983 FAILURE TO PROVIDE ADEQUATE MEDICAL CARE

### Against All Defendants except for Defendant County and Does 1 - 10

28.    In answering paragraph 113, Defendant incorporates by reference all responses to paragraphs 1 through 112.

29.    In answering paragraphs 114, 115, 116, 117, and 118, Defendant contends said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendant generally and specifically denies the allegations contained in said paragraphs.

## XIV.   PRAYER FOR RELIEF

In answering Plaintiffs' prayer for relief, Defendant denies that Plaintiffs are entitled to the relief

{02208618.DOCX}                                   6

**DEFENDANT PATRICIA ROBINSON-HARD'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1    sought, or any relief at all.

2                                   **AFFIRMATIVE DEFENSES**

3                              **FIRST AFFIRMATIVE DEFENSE**

4        The Second Amended Complaint, in its entirety, and through each separately stated claim for

5    relief, fails to state facts sufficient to constitute a viable claim for relief against Defendant.

6                            **SECOND AFFIRMATIVE DEFENSE**

7        As to claims based on federal law, at all times mentioned in the Second Amended Complaint,

8    Defendant, an employee of the County of Sacramento, a public entity, was acting in good faith and

9    entitled to qualified immunity.

10                             **THIRD AFFIRMATIVE DEFENSE**

11       That the decedent was contributorily negligent, that such negligence contributed to the incident

12   and that Plaintiffs' recovery should therefore either be barred or reduced to the extent of decedent's

13   negligence.

14                            **FOURTH AFFIRMATIVE DEFENSE**

15       That this incident was caused by the negligence and/or fault of other persons, corporations, and

16   entities including both parties and non-parties to this action whether named or not named, and that

17   Defendant's liability, if any, should be reduced accordingly.

18                             **FIFTH AFFIRMATIVE DEFENSE**

19       Plaintiffs' causes of action based on state law are barred on the grounds that they failed to

20   comply with the California Government Claims Act.

21                             **SIXTH AFFIRMATIVE DEFENSE**

22       That alleged acts and/or omissions of said Defendant are the subject of the exercise of discretion.

23   The Complaint is therefore barred by the doctrine of discretionary immunity as set forth in Government

24   Code Section 820.2.

25                           **SEVENTH AFFIRMATIVE DEFENSE**

26       That Defendant is immune from all state law claims pursuant to Government Code section 820.8.

27                            **EIGHTH AFFIRMATIVE DEFENSE**

28       Plaintiffs' claims are barred by the applicable statute of limitations and/or the equitable doctrine

{02208618.DOCX}                                    7

**DEFENDANT PATRICIA ROBINSON-HARD'S ANSWER TO SECOND AMENDED COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

1 | of latches.

### NINTH AFFIRMATIVE DEFENSE

That Defendant has not deprived Plaintiffs of any right, privilege, or immunity guaranteed by the Constitution or the laws of the United States.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts that Defendant did not act with malicious intent to deprive any person of any constitutional right or to cause injury and therefore is not liable.

### ELEVENTH AFFIRMATIVE DEFENSE

That Defendant is immune from all state law claims pursuant to Government Code section 844.6.

### TWELFTH AFFIRMATIVE DEFENSE

That Defendant is immune from all state law claims pursuant to Government Code section 845.6.

### THIRTEENTH AFFIRMATIVE DEFENSE

That Defendant is immune from all state law claims pursuant to Government Code section 855.6.

### FOURTEENTH AFFIRMATIVE DEFENSE

That Defendant is immune from all state law claims pursuant to Government Code section 855.8.

### FIFTEENTH AFFIRMATIVE DEFENSE

That Defendant is immune from all state law claims pursuant to Government Code section 856.

### SIXTEENTH AFFIRMATIVE DEFENSE

That Defendant is immune from all state law claims pursuant to Government Code section 856.4.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant invokes the protection of California Civil Code § 1431.2 regarding several liability for non-economic damages, and she asserts that her responsibility and/or liability, if any, as to economic damages, if any, shall be limited to the percentage of fault attributable, if any, to Defendant, and a separate judgment be so rendered.

///

{02208618.DOCX}                                8

**DEFENDANT PATRICIA ROBINSON-HARD'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2
3
4
5

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' actions are barred by California Business and Professions Code § 2395 because, even if Plaintiffs' injuries, if any, resulted from acts or omissions by Defendant, those acts or omissions were not willful and occurred when Defendant was rendering emergency care in good faith at the scene of an emergency.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to amend this Answer should additional affirmative defenses become available.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs' action be dismissed;

2.     That Plaintiffs take nothing by way of their Complaint;

3.     That Defendant be awarded her costs of suit, including attorney fees; and

4.     For such other relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.


Dated:  May 13, 2020                          PORTER SCOTT
                                              A PROFESSIONAL CORPORATION

                                              By */s/ Carl L. Fessenden*
                                                    Carl L. Fessenden
                                                    Suli A. Mastorakos
                                                    Attorneys for Defendant

{02208618.DOCX}                          9

**DEFENDANT PATRICIA ROBINSON-HARD'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**