UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA SOTO, an individual, LATANYA ANDREWS, an individual, M.M.S., a minor, and M.M.S., a minor, by and through their guardian ad litem, SILVIA SOTO, in each case both individually and as successors-in-interest to the ESTATE OF MARSHALLMILES, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, SCOTT JONES,<br><br>Defendants. | No. 2:19-cv-0910 TLN DB<br><br>ORDER |

On August 28, 2020, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of defendant Sacramento County Sheriff Scott Jones' motion for a protective order. (ECF No. 51.) Attorney Karen Joynt appeared via Zoom on behalf of plaintiffs and attorney Nicole Cahill appeared via Zoom on behalf of defendant. Oral argument was heard and defendant's motion was taken under submission.

Defendant Jones seeks a protective order from plaintiffs' notice of deposition pursuant to "the apex deposition privilege." (JS (ECF No. 50) at 4.) "[T]he settled rule across the circuits is that absent extraordinary circumstances, high-ranking officials may not be subjected to

depositions or called to testify regarding their official actions." Coleman v. Schwarzenegger, Nos. CIV S-90-0520 LKK JFM P, C01-1351 THE, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008); see also Green v. Baca, 226 F.R.D. 624, 648 (C.D. Cal. 2005) ("high public officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions."). "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Apple Inc. v. Samsung Electronics Co., Ltd, 282 F.R.D. 259, 263 (N.D. Cal. 2012).

"When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition" and "[a] claimed lack of knowledge, by itself it is insufficient to preclude a deposition." Apple Inc., 282 F.R.D. at 263. "However, "where a high-level decision maker removed from the daily subjects of the litigation has no unique personal knowledge of the facts at issue, a deposition of the official is improper, especially where the information sought can be obtained through less intrusive means or from lower level employees with more direct knowledge of the facts at issue." Jordan v. Wonderful Citrus Packing LLC, Case No. 1:18-cv-0401 AWI SAB, 2019 WL 176264, at *9 (E.D. Cal. Jan. 11, 2019).

"[C]ourts are inconsistent as to whether the party resisting the discovery or the party seeking to depose the high-ranking official bears the burden related to whether the deposition should go forward." Estate of Levingston v. County of Kern, 320 F.R.D. 520, 525 (E.D. Cal. 2017). And, "at least one court has suggested that police chiefs, and presumably sheriffs as well, do not constitute high government officials." Green, 226 F.R.D. at 649. However, most "courts throughout the Ninth Circuit have determined that the position of sheriff is a high-ranking official to whom the apex doctrine may apply." Estate of Levingston, 320 F.R.D. at 526.

Here, even assuming that the burden is defendant's, the undersigned finds that defendant has met that burden. In this regard, although plaintiffs assert that defendant Jones "has unique, first-hand knowledge" of relevant facts, they refer to only vague and conclusory concepts such as Jones' "leadership and direction," or the "culture, priorities, and the duties of the Department at

issue." (JS (ECF No. 50) at 11, 12.)  In both the joint statement and at oral argument plaintiffs were unable to cite to any example of a unique first-hand, non-repetitive knowledge of facts that defendant Jones may have that is at issue in this case.  As noted by defendants, defendant Jones was not present during the incident, is not the sole source of information regarding training, and was not the author of the training bulletin at issue.

      Moreover, it appears that plaintiffs have only deposed some of the named defendants and have conducted no 30(b)(6) depositions.  (Id. at 5.)  Under these circumstances, the undersigned finds that defendant has satisfied the burden.  Compare Predybaylo v. Sacramento County, No. 2:19-CV-1243 MCE CKD, 2020 WL 4043024, at *2-3 (E.D. Cal. July 17, 2020) (finding "good cause to issue a protective order forbidding the deposition of Sheriff Jones" where evidence suggested Jones lacked personal knowledge and plaintiff failed to exhaust less intrusive means); with Smith v. City of Stockton, No. 2:15-cv-0363 KJM AC, 2017 WL 11435161, at *7 (E.D. Cal. Mar. 27, 2017) (denying motion for protective order where evidence showed "Jones is the person with knowledge of why he did not recommend discipline for the officers, why he did not recommend discipline for the officers involved in prior incidents, why he later wrote a policy on officer shootings, and what was his response to the two memos he received about this shooting" and where "plaintiff . . . has already conducted quite a bit of discovery directed to lower-level officials, and has already deposed the officers involved in the shooting.").

      Accordingly, the undersigned will grant defendant's motion for a protective order.  This is not to say, however, that plaintiffs are precluded from seeking to depose defendant Jones in the future.  In this regard, if after conducting additional discovery plaintiffs are able to establish that defendant Jones has unique first-hand, non-repetitive knowledge of facts at issue in the case, plaintiffs may again seek to depose defendant Jones and bring a motion to compel that deposition, if necessary and after appropriate meet and confer efforts.  See Anderson v. County of Contra Costa, Case No. 15-cv-1673 RS (MEJ), 2017 WL 930315, at *4 (N.D. Cal. Mar. 9, 2017) ("Plaintiff shall first depose a Rule 30(b)(6) witness regarding the Jail's policies and practices, and any other relevant topics, then meet and confer with Defendants about the necessity and scope of Livingston's deposition.").

Accordingly, for the reasons stated above and at the August 28, 2020 hearing, IT IS HEREBY ORDERED that defendant Jones' July 30, 2020 motion for a protective order (ECF No. 49) is granted.

Dated: August 29, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\Soto0910.oah.082820