UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA SOTO, an individual, LATANYA ANDREWS, an individual, M.M.S., a minor, and M.M.S., a minor, by and through their guardian ad litem, SILVIA SOTO, in each case both individually and as successors-in-interest to the ESTATE OF MARSHALLMILES, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, BLAKE GRINDER, KENNETH LLOYD, JOHN HIGLEY, ANDREW GARSIDE, GREG WHITE, KELLEY BUNN, GREGORY JOHNSON, CHARLES GAILEY, SCOTT JONES, PATRICIA ROBINSON-HARD and Does 1 through 100, et al,<br><br>Defendants. | No.  2:19-cv-0910 TLN DB<br><br>ORDER |

On February 18, 2021, defendants filed a motion to quash a subpoena served by plaintiffs pursuant to Rule 45 of the Federal Rules of Civil Procedure and noticed the motion for hearing before the undersigned on March 12, 2021, pursuant to Local Rule 302(c)(1).  (ECF No. 57.)  On March 5, 2021, the parties filed a Joint Statement re Discovery Disagreement.  (ECF No. 59.)

Non-expert discovery in this action, however, must have been completed by February 5, 2021.  (ECF No. 54.)  As explained in the scheduling order issued by the assigned District Judge

1

on May 21, 2019, "'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with."  (Id.)  In this regard, the parties' discovery dispute is untimely.  See Rodriguez v. Beard, No. 2:14-cv-1049 MCE KJN P, 2016 WL 6393755, at *2 (E.D. Cal. Oct. 28, 2016) ("the undersigned finds that Federal Rule of Civil Procedure 45 subpoenas constitute pretrial discovery that must be served within the specified discovery period"); Dreyer v. GACS Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001) ("Most courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines."); Alper v. U.S., 190 F.R.D. 281, 283 (D. Mass. 2000) ("Even were the court to assume that Rule 45 applies to Dr. Becker, the subpoena at issue clearly constitutes 'discovery' within the meaning of Rules 26 and 34 and, as a result, comes up against the court's discovery schedule."); Rice v. U.S., 164 F.R.D. 556, 557 (N.D. Okl. 1995) ("inclusion of references to Rule 45 within Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute discovery").

      Accordingly, IT IS HEREBY ORDERED that defendants' February 18, 2021 motion to quash (ECF No. 57) is denied without prejudice and the March 12, 2021 hearing is vacated.

DATED: March 8, 2021                  /s/ DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\Soto0910.disc.untimely.ord